LIZZIE LARSON, APPELLEE, V. L. I. KEITH, APPELLANT.

FILED JANUARY 7, 1932. NO. 28099.

K. F. Williams and F. J. Schroeder, for appellant.

Butler & James, contra.

Heard before GOSS, C. J., DEAN and EBERLY, JJ., and CHASE and HASTINGS, District Judges.

CHASE, District Judge.

This is an action in replevin. L. I. Keith was defendant below, and for the purpose of this opinion will be termed defendant, and Lizzie Larson will be termed plaintiff.

The facts appear to be as follows: The plaintiff in her petition alleged a special ownership in the property replevied, by virtue of being the assignee of a certain chattel mortgage executed by the defendant to the International Harvester Company for the purpose of securing his note to them. The mortgage described various articles of farm machinery, together with "an undivided two-thirds interest in 65 acres of fall wheat now growing upon the premises." The defendant answered setting forth that the plaintiff had already taken possession of the defendant's interest in the 65 acres of wheat and sold the same, and there was enough money received from the sale thereof to satisfy the mortgage indebtedness, and consequently the note was fully paid. The plaintiff in her reply alleges that the wheat thus sold was to meet other obligations existing between the defendant and plaintiff, and that the same was converted into money and sold before the plaintiff became the owner of the note and mortgage, and that the plaintiff paid the defendant in full for his interest in the wheat prior to the time the plaintiff became the owner of the note and mortgage.

A jury was waived, and the issues of fact as well as law were submitted to the trial court. The trial court found in favor of the plaintiff and against the defendant. The defendant filed a motion for new trial, which was overruled, whereupon he presents this record to this court for review.

This is a companion case to *Larson v. Keith, ante,* p. 216, between the same parties, in which, although the action is of a different nature, the defense pleaded in this case is practically the same defense as was urged in that one, which was an action in forcible detention.

By stipulation of parties it was agreed that the chattel mortgage in question was executed and delivered by the

defendant to the International Harvester Company, and that the plaintiff, at the time of commencement of this action, was the owner of the said chattel mortgage and notes secured thereby, having taken the same by assignment. The evidence is practically the same as in the forcible detention proceeding, and the defense urged in this action, as we have stated, is substantially the same as he made in that proceeding; that the defendant was at that time the tenant of the plaintiff, and that they made a settlement in writing whereby the lease was terminated and certain appraisers were to be appointed in accordance with their agreement to appraise the value of the growing crop of wheat on the premises; that such appraisement was made; that the amount of indebtedness which the defendant owed the plaintiff was subtracted from the value of defendant's interest in the wheat, and the amount owing to the defendant, after deducting said indebtedness, was $107.75. The defendant gave plaintiff a bill of sale to all his interest in the wheat, and the plaintiff gave defendant her check, dated March 19, 1930, in the amount of $107.75, which was accepted by the defendant, upon which he afterward received full credit.

We see no reason to discuss the evidence generally, for the reason that in all essential features the case turns on the same question as *Larson v. Keith, ante,* p. 216. Suffice it to say that from the record here it appears that the defendant was indebted to the plaintiff prior to the time the plaintiff became the owner of the chattel mortgage in question; that the defendant, having already mortgaged to the International Harvester Company his interest in the wheat upon the premises, again sold and delivered the same property to the plaintiff by bill of sale. This all occurred before the plaintiff became the owner of the note and mortgage. The record discloses that the delivery of the bill of sale for the wheat by the defendant to the plaintiff was not intended to satisfy any obligation which was secured by the chattel mortgage, but was to satisfy obligations which the defendant owed the plaintiff as her tenant,

and after such obligations were satisfied he received from the plaintiff a check for $107.75, which he cashed and for which he received credit in full settlement of his interest in the wheat. It was after this settlement, to wit, on the 5th day of September, 1930, that the plaintiff became the assignee of the note and mortgage, purchasing the same from the International Harvester Company, and paying them therefor the amount of $379.88, which was received by the mortgagee. Therefore, it appears conclusively from the record that the settlement between these parties for the wheat in question was had and completed some months prior to the time the plaintiff became the owner of the note and mortgage. The defendant testifies that the transaction in which he conveyed his interest in the wheat to the plaintiff, on March 19, 1930, had nothing to do with the note and mortgage upon which this action is based.

It is unnecessary to reassert the principles of law applicable to the case, for the reason that the same have already been stated in the forcible detention action. The settlement made between the parties, in which the wheat was conveyed to the plaintiff, is a transaction fully closed and satisfied and cannot in any way be heard as a defense to this action. The judgment of the trial court is

AFFIRMED.